IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRANDON JOSEPH CARDENAS,

        Plaintiff,

vs.                                   No. CV 16-00365 RJ/GJF

DEPARTMENT OF CORRECTIONS,
SANDY TRAINER,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court *sua sponte* on the Complaint (Tort) filed by Plaintiff Brandon Joseph Cardenas on April 29, 2016 (Doc. 1). Also before the Court is Plaintiff's motion to appoint counsel (Doc. 7). The Court will deny the motion to appoint counsel and will dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

### I. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is incarcerated and is proceeding pro se. Plaintiff asks the Court to appoint an attorney to represent him in prosecuting this civil rights case. (Doc. 7). However, Plaintiff does not have a right to counsel and the Court lacks authority to appoint counsel to represent him in this case. *Mallard v. United States District Court*, 490 U.S. 296 (1989). In exceptional circumstances, the Court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, the Court is to consider the merits of the plaintiff's claims, the nature of the factual issues raised in the claims, the plaintiff's ability to present his claims, and the complexity of the legal issues raised by the claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

1

The Court determines that the factual and legal issues raised by Plaintiff's claims are not difficult or complex, Plaintiff has been adequately presenting his claims, and, on the merits, the Plaintiff's allegations do not present a cognizable Eight Amendment claim. Therefore, this case does not present any exceptional circumstances warranting requesting voluntary assistance of counsel. The Court will deny Plaintiff's motion for appointment of counsel (Doc. 7).

## II. PLAINTIFF'S ALLEGATIONS DO NOT STATE A COGNIZABLE EIGHT AMENDMENT CLAIM

Plaintiff's Complaint does not expressly allege a cause of action under 42 U.S.C. § 1983. Instead, he asserts violation of his "Civil Rights 8th Amendment." (Doc. 1 at 1). His Complaint is on a New Mexico Tort Claims Act form, but he does not allege any state law cause of action. The exclusive vehicle for vindication of substantive Constitutional rights, including Eighth Amendment rights, is a cause of action under 42 U.S.C. § 1983. See, *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129, 1135-37 (10th Cir. 2006) (claims against state actors for violation of § 1981 must be brought under 42 U.S.C. § 1983). Therefore, the Court construes Plaintiff's claims for violation of rights under the Eighth Amendment to the Constitution as civil rights claims brought under 42 U.S.C. § 1983.

### A. *Dismissal for Failure to State a Claim*

Plaintiff Cardenas is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not

2

conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th

3

Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon*, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

### B. *Eighth Amendment Cruel and Unusual Punishment*

Plaintiff alleges that delivery of food trays to the unit where he is incarcerated is being delayed so that, by the time the food arrives, it is no longer hot. (Doc. 1 at 4-6). Plaintiff claims that being fed "cold" food constitutes cruel and inhuman punishment in violation of his Eighth Amendment constitutional rights. (Doc. 1 at 1, 6). Plaintiff seeks $250,000 in damages and firing of a food service employee, Defendant Trainer, to compensate him for the alleged violation. (Doc. 1 at 3).

Inmates alleging Eighth Amendment violations based on prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir.1995). Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to the inmate's health or safety. *Farmer*, 511 U.S. at 838–40; *Wallis*, 70 F.3d at 1077. The Eighth Amendment standard requires proof of both an objective and a subjective

4

component. *Hudson v. McMillian,* 503 U.S. 1 (1992). If either of these components is not established, the court need not inquire as to the existence of the other. *Helling v. McKinney,* 509 U.S. 25, 35 (1993).

First, the deprivation alleged must objectively be sufficiently serious, resulting in a denial of the "minimal civilized measures of life's necessities." *Farmer,* 511 U.S. at 834 (*quoting Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). In proving the objective component, an inmate must establish that there was both some degree of actual or potential injury, and that society considers the acts that the plaintiff complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to those acts. *Helling,* 509 U.S. at 36; *see also Estelle v. Gamble,* 429 U.S. 97, 102, (1976).

Second is the subjective component that the prison official possesses a sufficiently culpable state of mind: "deliberate indifference to inmate health and safety." *Farmer,* 511 U.S. at 834–36. With regard to deliberate indifference, a prison official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The subjective component requires proof that the official was: (1) aware of the facts that would lead a reasonable person to infer the substantial risk of serious harm; (2) actually made the inference that the substantial risk of serious harm to the plaintiff existed; and (3) knowingly disregarded the risk. *Id* at 844.

With regard to food, the courts have concluded, the Eighth Amendment requires only that prisoners receive food that is adequate to maintain health. It need not be tasty or aesthetically pleasing. *LeMaire v. Maass,* 12 F.3d 1444, 1456 (9th Cir.1993) (citation omitted). Only those conditions of confinement that deny a prisoner the minimal civilized measure of life's necessities

are sufficiently grave to form the basis of an Eighth Amendment violation. *Id.* (*quoting Hudson v. McMillian,* 503 U.S. 1 (1992)). While prisoners are guaranteed a nutritionally adequate diet under the Eighth Amendment, there is no constitutional right to hot meals. *Laufgas v. Speziale,* 263 F. App'x 192, 198 (3rd Cir.2008) (citing *Ramos v. Lamm,* 639 F.2d 559, 571 (10th Cir.1980)); *see also Hoitt v. Vitek,* 497 F.2d 598, 601 (1st Cir.1974) (explaining the constitutional requirement of adequate food in prisons does not include a right to hot meals).

It is well-established that inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it. *Shrader v. White,* 761 F.2d 975, 986 (4th Cir.1985). Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. *See Divers v. Dep't of Corrs.,* 921 F.2d 191, 194 (8th Cir.1990); *Madyun v. Thompson,* 657 F.2d 868, 874–75 (7th Cir.1981) (allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation); *Hoitt v. Vitek,* 497 F.2d at 601 (prisoners' allegation of deprivation of hot meals failed to state a claim of cruel and unusual punishment); *Prophete v. Gilless,* 869 F.Supp. 537, 538 (W.D.Tenn.1994) (food which was cold by the time it was served did not constitute cruel and unusual punishment).

Plaintiff does not claim that the meals are nutritionally inadequate, but instead, alleges the meals are unappetizing. Although he makes conclusory statements that the food is "unhealthy" he does not provide any specific facts detailing how and why it is unhealthy to support this allegation. (Doc. 1 at 6). His allegations are not objectively sufficiently serious that they result in a denial of the minimal civilized measures of life's necessities. *Farmer,* 511 U.S. at

834. Plaintiff's allegations fail to meet the first, objective, component for an Eighth Amendment claim. *Helling*, 509 U.S. at 36; *Sawyer v. Jefferies*, 315 F. App'x 31, 35 (10th Cir. 2008).

Plaintiff's allegations also fail on the second, subjective, component. The only individual named as a defendant is Sandy Trainer, who is alleged to be a kitchen supervisor. (Doc. 1 at 4). Plaintiff alleges that Defendant Trainer has chosen to serve cold food because it is "easier and faster and less work." (Doc. 1 at 6). Plaintiff does not allege that Trainer was aware of facts that would lead a reasonable person to infer that a substantial risk of serious harm existed from serving cold food, actually made the inference that a substantial risk of serious harm to Plaintiff existed, and knowingly disregarded the risk. *Farmer*, 511 U.S. at 844.

## CONCLUSION

Plaintiff's claims are insufficient to state any § 1983 claim for deprivation of Eight Amendment rights under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B) and must fail. *Twombly*, 550 U.S. at 570; *Sawyer v. Jefferies*, 315 F. App'x at 35. The Court will dismiss Plaintiff's Complaint. The Court will also grant Plaintiff leave to file an amended complaint consistent with this Memorandum Opinion within thirty (30) days of entry of the Memorandum Opinion and Order. *Hall v. Bellmon*, 935 F.2d at 1109. If Plaintiff fails to file an amended complaint within thirty days or files an amended complaint that similarly fails to state a factually and legally sufficient cause of action, the Court may dismiss this proceeding with prejudice and without further notice.

**IT IS ORDERED** that Plaintiff's motion to appoint counsel (Doc. 7) is **DENIED;** the Complaint (Tort) filed by Plaintiff Brandon Joseph Cardenas on April 29, 2016 (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted; and

Plaintiff is **GRANTED** thirty (30) days from entry of this Memorandum Opinion and Order to file an amended complaint.

SIGNED this ____ day of November, 2016.

_____
ROBERT A. JUNELL
Senior United States District Judge