IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRANDON JOSEPH CARDENAS,

    Plaintiff,

vs.                                                    No. CV 16-00365 RJ/GJF

DEPARTMENT OF CORRECTIONS,
SANDY TRAINER,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 41(b) on the Complaint (Tort) filed by Plaintiff Brandon Joseph Cardenas on April 29, 2016 (Doc. 1). Plaintiff's Complaint fails to state a claim upon which relief can be granted and Plaintiff has failed to file an amended complaint as ordered by the Court. The Court will dismiss Plaintiff's Complaint with prejudice for failure to state a claim and failure to comply with the Court's Orders.

Plaintiff is proceeding pro se and in forma pauperis. (Doc. 10). Plaintiff filed his Complaint (Tort) on April 29, 2016. (Doc. 1). On November 4, 2016, the Court entered its Memorandum Opinion and Order dismissing Plaintiff's claims without prejudice. (Doc. 11). The Court determined that Plaintiff's claims were insufficient to state any § 1983 claim for deprivation of Eight Amendment rights under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Sawyer v. Jefferies*, 315 F. App'x 31, 35 (10th Cir. 2008). The Court dismissed Plaintiff's Complaint without prejudice and granted Plaintiff leave to file an amended complaint within thirty (30) days of entry of the Memorandum Opinion and Order. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.

1

1991). The Court expressly advised Plaintiff Cardenas that, if he failed to file an amended complaint within thirty days, the Court could dismiss this proceeding with prejudice and without further notice. (Doc. 11 at 7).

On November 30, 2016, Cardenas filed a motion requesting an extension of time to file the amended complaint, stating that, because he is housed in segregation, he cannot get the proper forms or response from the law library due to the holidays. (Doc. 12). The Court granted Cardenas an extension of time to January 25, 2017 to file the amended complaint. (Doc. 13). Cardenas did not file any amended complaint within the extension granted by the Court and, to date, Cardenas still has not filed an amended complaint or requested any further extensions of time.[1]

The Court may dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). The Court also may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).

The Court has already ruled that Plaintiff's Complaint (Doc. 1) fails to state an Eighth Amendment claim for relief. (Doc. 11). Inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it. *Shrader v. White*, 761 F.2d 975, 986 (4th Cir.1985). However, inmates alleging Eighth Amendment violations based on prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by

---

[1] A letter received from Plaintiff Cardenas, Doc. 14, relates to an extension of time to make the initial partial payment under 28 U.S.C. § 1915(b) in a different case, *Cardenas v. Vigil*, No. CV 16-00457 JCHGJF, not to this case.

subjecting them to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir.1995). The Eighth Amendment standard requires proof of both an objective and a subjective component. *Hudson v. McMillian*, 503 U.S. 1 (1992). As the Court concluded, Plaintiff's allegations are not objectively sufficiently serious to meet the first, objective, component for an Eighth Amendment claim. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 23, 36 (1993); *Sawyer v. Jefferies*, 315 F. App'x at 35. Plaintiff's claims also fail on the subjective component because Plaintiff does not allege facts that would lead a reasonable official to infer that a substantial risk of serious harm existed from serving cold food, actually made the inference that a substantial risk of serious harm to Plaintiff existed, and knowingly disregarded the risk. *Farmer*, 511 U.S. at 844. (Doc. 11 at 4-7).

Consistent with *Hall v. Bellmon*, 935 F.2d at 1109, Plaintiff was given the opportunity to amend his Complaint to remedy the defects in his pleading. Plaintiff was also advised that, if he failed to file an amended complaint, his Complaint could be dismissed with prejudice and without further notice. (Doc. 11 at 7). Despite being granted an extension of time to do so, Plaintiff has failed to file any amended complaint. Plaintiff's Complaint (Doc. 1) fails to state a claim on which relief can be granted under both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 41(b), Plaintiff has also failed to comply with the Court's orders to file an amended complaint and has failed to prosecute this action. The Plaintiff's Complaint will, therefore, be dismissed with prejudice. Because the Court concludes that Plaintiff's Complaint fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him as provided in the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g). The Court notifies Cardenas that if he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before federal courts unless he is under

imminent danger of serious physical injury. § 1915(g).

**IT IS ORDERED** that the Complaint (Tort) filed by Plaintiff Brandon Joseph Cardenas on April 29, 2016 (Doc. 1) is **DISMISSED** with prejudice and a **STRIKE** is imposed against Plaintiff Cardenas under 28 U.S.C. § 1915(g).

SIGNED this 12th day of June 2017.

ROBERT A. JUNELL
Senior United States District Judge